(No. 1895—

WARNER CONSTRUCTION COMPANY, A CORPORATION, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1934.*

GILLESPIE, BURKE, GILLESPIE & CLEVELAND, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On November 3, 1931, the claimant submitted its proposal to the Department of Purchases and Construction of the State of Illinois (hereinafter called "The Department"), for the doing of certain work in connection with a proposed

addition to the Illinois Eye and Ear Infirmary at Chicago. Together with its bid, the claimant submitted its certified check for the sum of Three Thousand Dollars ($3,000.00), payable to the Department, in accordance with the requirements of the proposal submitted, the form of which said proposal was prepared by the Department of Purchases and Construction and required to be used by the several bidders in submitting their bids.

The provisions of such proposal which are involved in this case are as follows:

"The bidder agrees that the proceeds of such check shall become the property of the State of Illinois, if for any reason the bidder, after the opening of the bids withdraws, or if on notification within 20 days from the date of opening the bidder refuses to execute the contract and bond required in event of said contract being awarded."

The proposals were opened on November 3, 1931. The evidence is undisputed and consists mostly of correspondence between claimant on the one hand and the Department of Purchases and Construction and the Division of Architecture and Engineering on the other. The substance of the essential parts of such correspondence, arranged in chronological order, is as follows:

On November 17, 1931, the claimant was notified by the department that it was "the apparent low bidder", and that it should submit to the department at once the names of three surety companies, one of which would be selected by the department for the furnishing of claimant's bond on the job; also that "preliminary to award of contract, it is now required that a bond, properly executed, be on file in this office."

On November 19, 1931 claimant acknowledged the receipt of the letter of November 17th and submitted the name of Union Indemnity Company as surety company.

On December 3, 1931 claimant advised the department by special delivery letter, as follows:

"We are ready to sign contract and execute bond on this job. If the Union Indemnity Company is unsatisfactory, please let us have names of satisfactory companies and we will get in touch with them; as we have no connection with other surety companies.

"To date we have received no notice of contract having been awarded to us. Thirty days have passed since opening of bids. We respectfully request that you return our certified check."

On December 9, 1931 the department wrote claimant as follows:

"I have been directed to notify you of the acceptance of your following proposals, opened on Tuesday, November 3, 1931, amounting to Eighty-eight Thousand Eight Hundred Forty-four Dollars ($88,844.00) * * *

"A formal contract will follow incorporating your proposals and will be forwarded for your signature coincident with its execution by the Director of the Department of Purchases and Construction, who is authorized by law to enter into the above contract on behalf of the State.

"Pending receipt of the above contract, it is requested that this letter be taken as authority to proceed with the work." etc. etc.

On the same day, to-wit, December 9, 1931, the department also notified claimant as follows:

"In another mail, I am advising you of the acceptance of your Proposal No. 1 * * * * * for the above project, and in order that the work be not delayed, I am approving the Union Indemnity Company as surety to furnish your bond." etc. etc.

On the same day, to-wit, December 9, 1931 the claimant advised the department as follows:

"On November 3, 1931, we entered a bid for general work for the addition to the Eye and Ear Infirmary, Chicago, Ill. In view of contract not having been awarded, and or we not being so notified within twenty days (20) of opening of bids, we request you return our certified check."

On December 10, 1931, by letter mailed at 3:15 P. M., claimant notified the department as follows:

"Due to changed conditions since Nov. 3, 1931, date of entering our bid and twenty days thereafter, will say; it is our understanding, that we are privileged to decline the award of this contract, due to the conditions * * * * * under which proposal was made. We if such privilege is ours, as before stated in our letter of December 3rd, also letter of Dec. 9, 1931, do hereby elect to exercise same and ask for the return of our certified check.

"Kindly let us have your decision concerning the above as we otherwise are withholding action in connection with your correspondence dated Dec. 9, 1931, marked 37157, received today at 10 A. M., and also your letter of Dec. 9, 1931, received at the same time."

On December 14, 1931 the department wrote claimant in reply to its letter of December 10th, and went over the situation quite fully and with particular reference to the proper construction of Paragraph Two (2) of the proposal sheet relative to the deposit of a certified check and the rights of the State and the claimant in connection therewith. Claim-

ant was advised that the construction placed on said paragraph by said claimant, to wit, that claimant had the right to withdraw its bid and check if contract was not awarded within twenty (20) days after the opening of the bids, was incorrect, and that such paragraph could not be so construed;—also that the proper construction of such paragraph required claimant to notify the department within twenty (20) days from the date of the opening of the bids, if it desired to withdraw its bid. Such letter, in the concluding paragraph, stated as follows:

"In this connection, therefore, you have asked our decision regarding the return of your certified check, if you refuse to accept the contract. In view of the above, therefore, we advise that the proceeds of such check shall become the property of the State, if for any reason after the opening of the bids, you withdraw your proposal."

On December 15, 1931 claimant made reply to the last mentioned letter and set forth its construction of said Paragraph Two (2), and concluded as follows:

"We not having been awarded the contract and or notified within twenty days to execute contract and bond; therefore decline to take contract and request the return of our certified check. Even to date we have not been notified to execute contract and bond under the conditions properly required on the basis proposal was made."

On December 23, 1931 the department wrote claimant as follows:

"Kindly refer to your letters of December 10th and December 15th, wherein you request that you be privileged to decline the award of the above contract, and be advised that same is hereby granted, and the award is being made to the next lowest bidder."

On January 4, 1932 claimant wrote the department as follows:

"Acknowledging receipt of your letter of December 23, 1931, will say that it is our understanding that you have ruled that we are privileged to decline the award of contract in view of contract not having been awarded to us within twenty (20) days from the date of opening of bids. Such being the case, kindly return our deposit of $3,000.00."

On January 8, 1932, the Division of Architecture and Engineering of the Department wrote claimant as follows:

"Inasmuch as you declined to accept the award of the contract for the performance of the work mentioned above, it was considered by the De-

partment of Public Welfare which controlled the appropriation that your certified check should become the property of the State, in accordance with the requirements of the form of proposal.

"Your check was, therefore, forwarded to that Department for delivery to the office of the Auditor of Public Accounts for deposit to the credit of the General Revenue Fund."

The certified check in question was endorsed and delivered by the department on December 28, 1931 to Edward J. Barrett, State Treasurer, who collected the amount of the check, to-wit, Three Thousand Dollars ($3,000.00), and turned same into the treasury of the State.

Claimant seeks to recover the amount of such check.

The rights of the parties to this proceeding depend upon the proper construction of Paragraph Two (2) of the proposal sheet, which is as follows:

"The bidder agrees that the proceeds of such check shall become the property of the State of Illinois, if for any reason the bidder, after the opening of the bids withdraws, or if on notification within 20 days from the date of opening the bidder refuses to execute the contract and bond required in event of said contract being awarded."

Claimant contends that it is entitled to notice of the award of the contract within twenty (20) days after the opening of the bids, and that in default of notice within twenty (20) days after the opening of the bids, it had the right to refuse to execute the contract, without forfeiting its deposit check. The department contends that under the wording of Paragraph Two (2) of the proposal the bidder has the right to withdraw his bid, provided the State is notified of the exercise of such right within twenty (20) days after the opening of the bids.

The Attorney General admits that the construction contended for by the claimant is the correct construction of the paragraph, but contends that the aforementioned letter of the department to claimant dated November 17, 1931, constituted a "notification" within the meaning of said Paragraph Two (2), and being within twenty (20) days after the opening of the bids, the claimant was thereafter required to execute the contract or forfeit its deposit check.

The form of the proposal in question was prepared by the State, and in case of doubt as to the meaning thereof, the doubt should be resolved against the party preparing

the instrument. The paragraph in question is not clearly worded, but upon a careful consideration thereof, we are of the opinion that the construction placed upon said Paragraph Two (2) by the claimant and by the Attorney General is correct, and that such paragraph will not bear the interpretation placed thereon by the department. We conclude, therefore, that the State did not have the right to forfeit the deposit check upon the ground that the claimant failed to give notice within twenty (20) days after the opening of the bids, of its desire to withdraw. Whether the State was justified in forfeiting the check on any other grounds, still remains to be considered.

Paragraph Two (2) provides that the proceeds of the check shall become the property of the State, in either of two contingencies, to-wit:

1. If, for any reason, the bidder, after the opening of the bids, withdraws.

2. If on notification within twenty (20) days from the date of the opening, the bidder refuses to execute the contract and bond.

There is nothing in the record to indicate that the claimant at any time withdrew its bid, and consequently it is unnecessary to further consider the first contingency above stated. Furthermore, there is no question but what the claimant refused to execute the contract and bond. Claimant justifies its refusal upon the fact that it was not notified of the award within twenty (20) days after the opening of the bids.

The Attorney General contends that the claimant received a "notification" within twenty (20) days after the opening of the bids, and therefore impliedly admits that if claimant was not notified of the award within twenty (20) days after the opening of the bids, it was justified in refusing to execute the contract and bond.

We now come to the consideration of the question as to whether the letter of the Department of November 17, 1931 constituted a "notification" within the meaning of said Paragraph Two (2), as contended by the Attorney General. If such letter constituted a "notification" within the meaning of Paragraph Two (2), then the State was justified in retaining the deposit check. If, on the other hand, the letter

of November 17th did not constitute such "notification", then the claimant was within its rights in refusing to execute the contract and bond, and is entitled to the return of its deposit check.

It will be noted that the letter of November 17th merely advises the claimant that it was "the apparent low bidder", and further, that "preliminary to award of contract is now required that a bond properly executed be on file in this office". There is nothing in such letter which would justify the claimant in proceeding with the work under the contract.

On December 3, 1931, to-wit, thirty (30) days after the opening of the bids, claimant notified the department that it had received no notice of the contract having been awarded and asked for the return of the check. The department made reply to such letter on December 9th. If the department took the position that the letter of November 17th constituted a "notification", such letter of December 9th should have so stated. However, the department in its said letter of December 9th said nothing whatsoever about its letter of November 17th, but on the contrary, then notified claimant "of the acceptance of your following proposals, opened on Tuesday, November 3, 1931", etc.; and notified claimant that a formal contract would follow and that pending receipt of such contract, said letter of December 9th be taken as authority to proceed with the work. This letter of December 9th constituted the first authority given to claimant to proceed with the work. The letter of the Division of Architecture and Engineering of December 14th stated that December 2nd was the date the Division received authorization to enter into this contract.

From a careful consideration of all of the correspondence in the matter, the court feels that the letter of the department dated December 9, 1931 was the first notification which was given to claimant in accordance with the provisions of Paragraph Two (2), and that the letter of the department dated November 17, 1931 was not intended to be and was not in fact the notification required by said Paragraph Two (2). The department was not in position to award a contract until a bond had been filed by the successful bidder, and no request to file such bond was made prior to said letter of November 17th. Inasmuch as no contract could be

awarded until a bond was filed, surely no notification could be given prior to the award.

There can be no question as to the right of the State in a proper case to forfeit a deposit if the bidder neglects or refuses to enter into a contract within the time required by the proposal. However, forfeitures are not favored in the law, and before the State can justify a forfeiture, it must bring itself within the terms of the contract authorizing the same. In this case, under the terms of the proposal which was prepared by the State itself, the State was entitled to declare a forfeiture for failure to execute the contract, provided "notification" was given to the bidder within twenty (20) days after the opening of the bids. The word "notification" as used in said Paragraph Two (2) can mean nothing other than a "notification" of the fact that the contract was awarded to the bidder. The letter of November 17, 1931 was not such a notification.

The first notification given to claimant of the award of the contract to it was the letter of the department dated December 9th, which was more than twenty (20) days after the opening of the bids. In this connection it is also to be noted that the claimant on December 3rd, to-wit, thirty (30) days after the opening of the bids, requested the return of its deposit check.

It is also to be noted that the department on December 23rd, referring to the request made by claimant that it be privileged to decline the award of the contract, advised the claimant as follows:

"Kindly refer to your letters of December 10th and December 15th wherein you request that you be privileged to decline the award of above contract, and be advised that the same is hereby granted and the award is being made to the next lowest bidder."

Nothing whatsoever was said regarding the forfeiture of the deposit check, and there is nothing in the evidence to show that the State lost anything on account of the acceptance of the next lowest bid. On the record before us, we feel that the State was not justified in forfeiting the deposit bid and that the claimant is therefore entitled to a return of the amount of its deposit check.

Award is therefore entered in favor of the claimant for the sum of Three Thousand Dollars ($3,000.00).